```
                UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                       Alexandria Division
                                   )
MARGARET COLQUITT,                 )
     Plaintiff,                    )
                                   )
                                   )
          v.                       )  Civil Action No. 1:12cv393
                                   )
FAIRFAX COUNTY PUBLIC SCHOOLS,     )
     Defendant.                    )
                                   )
```

REPORT AND RECOMMENDATION

This matter comes before the Court on defendant's Motion for Sanctions for Failure to Comply with Court Order and Motion to Compel Discovery Responses and to Appear for Deposition, or Alternatively, to Exclude Undisclosed Evidence (Dkt. 16). Plaintiff, who is pro se, failed to respond or appear at the July 27, 2012 hearing on defendant's motion, at which time the undersigned Magistrate Judge took the matter under advisement to issue this Report and Recommendation.

I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 37, defendant Fairfax County Public Schools ("defendant") seeks an award of sanctions against plaintiff Margaret Colquitt ("plaintiff") on the grounds that she failed to comply with the Court's June 29, 2012 Order directing her to amend her Rule 26 Disclosures and respond to all outstanding discovery requests.  Defendant

1

specifically requests the entry of an order containing the following relief: (1) requiring plaintiff to amend her Rule 26 Disclosures and providing full and complete responses to discovery requests; (2) requiring plaintiff to appear for deposition on August 7, 2012; (3) providing that, in that event plaintiff fails to comply with the above discovery orders, plaintiff shall be prohibited from presenting any evidence not already disclosed at any further motions, trials, or proceedings; and (4) granting defendant an award of monetary sanctions for attorneys' fees and costs. (Mot. Sanctions 1-2 (Dkt. 16).)

## II. PROCEDURAL AND FACTUAL HISTORY

### A. Factual Background

Plaintiff filed a Complaint against defendant on March 23, 2012 in the Fairfax County Circuit Court, alleging that defendant "forced [her] to leave" her position as a teacher in the Fairfax County Public Schools through a policy of discriminating against employees over the age of 40. (Notice of Removal, Ex. A ("Compl.") ¶¶ 5-11.) The Complaint alleges that, as a result of this discrimination, plaintiff resigned from defendant's school system ten years prior to her full retirement, allowing her to collect only 40 percent of her retirement income. (Id.) Plaintiff seeks an award of "her full retirement," as calculated by the Court. (Id. at 3.) Defendant

filed a Notice of Removal with this Court on April 10, 2012.

### B.   The Discovery Process

Upon removal from the Fairfax County Circuit Court, this Court entered a Scheduling Order setting the close of discovery as August 10, 2012.  The Court later adopted defendant's proposed Discovery Plan, which provided in relevant part that Rule 26(a)(1) Disclosures would be exchanged on or before June 1, 2012, and that plaintiff would designate any expert witnesses by June 7, 2012.  (Scheduling Order ¶ 1a (Dkt. 6).)  The parties exchanged Rule 26(a) disclosures on May 30 and June 1.  Plaintiff never designated an expert witness.

Defendant propounded its first set of Requests for Production ("RFPs") and Interrogatories on April 26, 2012.  (Mem. Supp. Mot. Compel, Ex. C.)  At the Initial Pretrial Conference, the Court granted plaintiff an extension of ten days in which to respond to defendant's discovery requests, making her responses due on June 8.  On June 8, plaintiff's husband hand-delivered to defendant's attorney objections and responses to defendant's Interrogatories.  (Supplemental Mem. Supp. Mot. Compel, Ex. A (Dkt. 13-1).)  Plaintiff did not respond or object to defendant's document requests, but told defendant's attorney that responses would be forthcoming.

Defendant considered plaintiff's Interrogatory responses and Rule 26(a) Disclosures to be deficient.  For example, the

3

Disclosures do not provide a computation of damages as required by Rule 26(a)(1)(A)(iii). (Mem. Supp. Mot. Compel at 4.) Plaintiff's description of relevant documents in her possession is generic at best. (Id.) The Disclosures also lacked adequate contact information for several witnesses, and did not specify the subject of the discoverable information within each witness's knowledge. (Id. at 3.) Plaintiff's Interrogatory objections were also, in many cases, facially deficient. She objected to several Interrogatories on the basis of "strategy," or informed defendant that information would be produced "as dictated by statute before trial." (Supplemental Mem. Supp. Mot. Compel, Ex. A.) For others, she objected without providing any reason for the objection. (Id.) Where she did provide answers, those answers were often incomplete.

On June 12, after having received no supplemental responses from plaintiff, defendant sent plaintiff a Rule 37 Good Faith Letter asking her to (1) amend her Rule 26(a) Disclosures; (2) provide supplemental answers to defendant's First Interrogatories; and (3) provide documents responsive to the document requests and supportive of her Rule 26(a) Disclosures. Plaintiff never responded to this letter. Accordingly, on June 21, defendant filed a Motion to Compel Discovery Responses, to Exclude Plaintiff's Expert Witnesses, and for Sanctions (Dkt. 10). Given that the time for designating an expert had passed,

defendant requested that the Court exclude any expert testimony that plaintiff might present in future proceedings. Defendant also sought an award of attorney's fees.

On June 29, after plaintiff failed to file a response to defendant's motion or appear at the properly noticed hearing, the undersigned granted defendant's Motion to Compel and ordered plaintiff to provide complete discovery responses to defendant by July 11, 2012.[1] (Dkt. 15.) The Court's June 29 Order warned plaintiff that failure to comply with the Order could result in sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure, including dismissal of her claims. (Id.)

In violation of this Court's Order, plaintiff did not supplement or amend her discovery responses or Rule 26(a) Disclosures. (Mem. Supp. Mot. Sanctions at 3.) In anticipation of plaintiff's deposition noticed for July 19, defendant sent plaintiff yet another letter requesting compliance with the Court's June 29 Order. (Mem. Supp. Mot. Sanctions, Ex. C.) In response, defendant's attorney received "a non-responsive, threatening email from R. Kyle Rose, Esq., an individual purporting to represent Colquitt."[2] (Id. at 3, Ex. D.) Despite defendant's efforts, plaintiff did not provide any additional discovery responses, nor did she confirm her ability to appear

---

[1] The undersigned took under advisement plaintiff's request for attorney's fees and costs associated with the Motion to Compel, pending plaintiff's compliance with the Order.
[2] Mr. Rose has not entered an appearance with this Court.

5

at the July 19 deposition. (Id. at 5.) Given the circumstances, defendant cancelled the July 19 deposition.

### C. Defendant's Motion for Sanctions

Upon plaintiff's failure to comply with the Court's June 29 Order, plaintiff filed a Motion for Sanctions for Failure to Comply with Court Order and Motion to Compel Discovery Responses and to Appear for Deposition, or Alternatively, to Exclude Undisclosed Evidence (Dkt. 16). For the second time, plaintiff did not respond to defendant's motion or appear at the scheduled hearing. On July 30, however, citing the unexpected complexity of her case, she filed a Motion to Dismiss without Prejudice (Dkt. 20) "pending further investigation."

### III. ANALYSIS

Plaintiff has requested that the Court require plaintiff to amend her Rule 26 Disclosures, to provide full and complete responses to discovery requests, and to appear for deposition. Should she fail to comply with these directives, defendant requests that the Court prohibit plaintiff from presenting any evidence not already disclosed at any further motions, trials, or proceedings. Defendant also requests monetary sanctions in the form of attorneys' fees and costs associated with bringing the prior Motion to Compel and the instant Motion for Sanctions.

Although plaintiff recently filed a Motion to Dismiss without Prejudice, because of her repeated abuse of the

6

discovery process and her disregard for the Court's Orders and governing rules, the undersigned recommends that the Court dismiss plaintiff's Complaint <u>with</u> prejudice pursuant to Rule 37 of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 37(b) authorizes a court to issue sanctions for failure to obey a discovery order. A district court has "nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failure to comply with its discovery orders." <u>Hinkle v. City of Clarksburg, W. Va.</u>, 81 F.3d 416, 429 (4th Cir. 1996). These sanctions include directing that certain facts be taken as established for the purposes of the underlying action, prohibiting the disobedient party from supporting or opposing certain claims or defenses, striking pleadings in whole or in part, rendering a default judgment against the disobedient party, or dismissing the action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(A).

The Fourth Circuit has developed a four-part test for determining what sanctions to impose under Rule 37. The district court must determine "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." <u>Anderson v.</u>

Found. for Advancement, Educ. and Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998) (citing Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 503-05 (4th Cir. 1977)).

The undersigned recommends a finding that plaintiff's failure to provide discovery responses was both intentional and in bad faith. She received a copy of the Court's June 29 Order advising her that failure to comply with the discovery requests could result in dismissal of her case, yet decided to ignore and disobey this directive. Apart from a threatening and unprofessional email from an attorney who may or may not represent her, plaintiff has not responded to defendant's various entreaties to comply with its discovery requests. She has also refused to attend hearings on defendant's discovery motions, or even file responses with the Court. Her failure to participate in litigation that she herself instigated leaves the Court without any credible explanation for her non-compliance.

Second, the undersigned recommends a finding that defendant has been prejudiced as a result of plaintiff's non-compliance. Without interrogatory responses, documentation, or plaintiff's deposition, defendant has been unable to adequately defend itself. Defendant has also incurred over $4,000 in fees and costs in trying to obtain basic information to which it is entitled under the Federal Rule of Civil Procedure. Further compounding this harm is defendant's representation to the Court

that, as a public school district, it is self-insured.

The undersigned further recommends a finding that dismissal is warranted to deter similar abuses of the discovery process. Plaintiff's pro se status does not exempt her from an obligation to abide by the Federal Rules of Civil Procedure. Vick v. Wong, 263 F.R.D. 325, 333 (E.D. Va. 2009). She has failed to respond to defendant's appropriate requests and has failed to appear before this Court on two occasions. She continues to violate the Court's very clear and simple Order. This conduct is a drain on both the Court's and defendant's resources, and it should be deterred.

Finally, the undersigned recommends a finding that less drastic sanctions would not be effective to remedy the conduct at issue. Plaintiff has been unresponsive to the Court and to defendant since the beginning of June – nearly two months ago. She has failed to amend her discovery responses when asked by the defendant and ordered by the Court. She has not responded to defendant's motions to compel her cooperation, nor has she made the effort to appear or even explain her lack of appearance. These actions indicate that plaintiff is not concerned with fulfilling her obligations to defendant or the Court. Despite her request that she be given another opportunity to investigate and re-file, the undersigned recommends that the dismissal be with prejudice to prevent

9

future misconduct.

## IV. RECOMMENDATION

For the reasons outlined above, the undersigned recommends that plaintiff's claims be dismissed with prejudice.

## V. NOTICE

The parties are advised that exceptions to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service.  Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to plaintiff at the following address:

> MARGARET COLQUITT
> 43292 WELBOURNE WOODS DRIVE
> ASHBURN, VIRGINIA 20148

/s/
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

August 3, 2012
Alexandria, Virginia